IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD LOUIS GAHR,

    Plaintiff,                             No. CIV S-10-2356 FCD GGH P

    vs.

GARY SWARTHOUT, et. al.,

    Defendants.                        <u>FINDINGS & RECOMMENDATIONS</u>

                                      /

           Plaintiff is a state prisoner proceeding pro se and seeks relief pursuant to 42 U.S.C. § 1983. This action was removed from state court by defendants and the filing fee has been paid. Plaintiff's original complaint was dismissed with leave to amend on September 29, 2010, and plaintiff has filed a first amended complaint.

           The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff's original complaint was dismissed as the undersigned noted that plaintiff had failed to state a viable claim for denial of access to the courts in that plaintiff was prevented from making copies of the Uniform Commercial Code (UCC) to send to the Contra Costa District Attorney's Office and the Office of the Attorney General. Plaintiff was informed that a

cognizable claim for denial of access to the courts required plaintiff to show an actual injury to a legal challenge to his conviction, sentence or conditions of confinement.

Plaintiff's first amended complaint raises the claim regarding not being allowed to copy UCC documents and plaintiff states that defendants refused to copy and process other legal documents including:

> "(1) Affidavit of Negative Averment, and (2) a Power of Attorney, that went to (two) legal packs, giving the District Attorney of Contra Costa County, California and the Attorney General of California another chance to contest/rebut (See Exhibits-A, B, D and E) the 'Administration Process', called 'Conditional Acceptance for Value for Proof of Claim' and additional affidavits for which both parties were in agreement (See Exhibits-A, B, F, and G)."

Amended Complaint at 5.

The undersigned notes that no exhibits were attached to the complaint. Nevertheless, the Supreme Court has been quite clear about what types of cases apply to the right to access the courts.

Prisoners have a constitutional right to be afforded "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). This right applies to prisoners' challenges to their convictions or sentences or conditions of confinement. Id. at 354. Prison officials may not "actively interfer[e] with inmates' attempts to prepare legal documents or file them." Id. at 350. To establish a claim for any violation of the right of access to the courts, prisoners must prove an actual injury by showing that their efforts to pursue a non-frivolous claim concerning their conviction or conditions of confinement has been hindered. Id. at 350-55.

Moreover, to the extent that plaintiff was attempting to state a claim other than denial of access to the courts, the undersigned cannot conceive of any cognizable claim. The alleged defamation claim is not cognizable under § 1983 in the circumstances of this case. Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155 (1976).

1    This complaint should be dismissed.

2    Because this court cannot discern any manner by which plaintiff could cure the defects of this amended complaint and as plaintiff has already been given one opportunity to amend, the undersigned must recommend summary dismissal of this action.

"A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988), quoting Noll [v. Carlson], 809 F.2d 1446, 1448 (in turn, quoting Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (per curiam)); accord Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir.1987). Liberality in granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999). "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[A] district court retains its discretion over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend.") See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). This appears to be one of those relatively rare cases when to grant plaintiff further leave to amend would be patently futile.

For the reasons set forth above, the undersigned finds that plaintiff's amended complaint is wholly frivolous, with defects for which no amount of amendment could provide a cure, and for which the undersigned must recommend dismissal with prejudice.

Accordingly IT IS HEREBY RECOMMENDED that plaintiff's amended complaint be summarily dismissed with prejudice and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 2, 2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH: AB
gahr2356.dis